**Cite as:  Opinion No. 00-033  (December 18, 2000)]**
**(unpublished)**


**TOBACCO REGULATION ) COUNTIES ) MUNICIPALITIES )**
**LOCAL ORDINANCE REGULATING DISPLAY OF TOBACCO**
**PRODUCTS NOT PREEMPTED BY STATE OR FEDERAL LAW**


December 18, 2000


*The Honorable Shane Pendergrass*
*Maryland Delegate*


You have asked whether a charter county or municipality may require licensed tobacco retailers to display tobacco products only in an area that is normally inaccessible to customers, such as an area behind the counter, in an overhead rack, or in a locked case, if the proposed law provides an exemption for vending machines and stores specializing in tobacco products.

The question that you pose was addressed in a recent letter of advice by Assistant Attorney General Kathryn M. Rowe dated October 25, 2000, as well as in an earlier letter of advice dated July 14, 1999, by Assistant Attorney General Robert A. Zarnoch.  Copies of both letters are attached.

Ms. Rowe and Mr. Zarnoch concluded that such an ordinance would be within the police power of a charter county or municipality.  In addition, they concluded that such an ordinance would not be preempted by Section 5(b) of the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §1334(b), or barred by the First Amendment.  Nor would it be

impliedly preempted by State law, if vending machines were excluded from the ordinance. We have carefully reviewed their analysis and agree with those conclusions.

J. Joseph Curran, Jr.
*Attorney General*

Robert N. McDonald
*Chief Counsel*
*Opinions & Advice*

For a copy of the attachments email: kizdebski@oag.state.md.us